UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRENDA CANNON,**<br><br>**Plaintiff,**<br><br>v.<br><br>**COMMUNICATION COMPONENTS, INC.; DENNIS NATHAN, PAT CERULLI, AND DOES 1-50**<br><br>**Defendants.** | Docket No.: 2:20-cv-01626-WJM-MF<br><br>**OPINION** |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter arises out of an eleven-count complaint (the "First Amended Complaint" or "FAC") filed by Plaintiff Brenda Cannon ("Plaintiff") against Defendants Communication Components, Inc. ("CCI"), Dennis Nathan ("Nathan"), Pat Cerulli ("Cerulli"), and unidentified Does 1-50 ("Doe Defendants", and together with CCI, Nathan, and Cerulli, "Defendants") relating to the termination of Plaintiff's employment with Defendant CCI. The matter comes before the Court on Defendants' motion to dismiss each of the counts alleged in the First Amended Complaint, with the exception of Count 5 alleging a breach of contract and Count 8 alleging a breach of the implied covenant of good faith and fair dealing. ECF No. 53. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

### I.     BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff is a Washington state resident who was employed by Defendant CCI as a sales manager pursuant to the terms of a written employment contract from December 2014 until she was terminated on June 15, 2018. FAC ¶¶ 5, 9. Defendant CCI is a New Jersey corporation that provides a variety of products and services with respect to wireless communication. *Id.* at ¶¶ 2, 10. Defendant Nathan is the president and CEO of Defendant CCI. *Id.* Defendant Cerulli is the vice president of sales of Defendant CCI. *Id.* Both Nathan and Cerulli are residents of New Jersey. *Id.* at ¶¶ 11, 12. Throughout her tenure with CCI, Plaintiff worked with and reported to both Nathan and Cerulli, as well as certain non-party CCI employees, in the performance of her duties, including

---

[1] The following facts, taken from the First Amended Complaint and documents "integral to or explicitly relied upon in the [First Amended C]omplaint," are accepted as true for the purpose of this Opinion. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

preparation for and participation in sales meetings with existing and potential clients. *Id.* at ¶¶ 24-25.

Plaintiff alleges that over the course of her employment with Defendant CCI she was subjected to ongoing harassment, disparate treatment, and a hostile work environment on account of her sex, and unlawfully terminated in retaliation for objecting to and reporting such treatment to Defendant CCI's human resources department in violation of both federal and state anti-discrimination laws. Specifically, Plaintiff alleges, among other things, that throughout her employment with CCI she was overlooked or otherwise denied various advancement opportunities within the company, was held to higher standards than her male colleagues, denied credit for sales made to new or existing clients in favor of male colleagues, and subject to unwanted sexual advancements and demeaning comments. Plaintiff further alleges that, as a result of such treatment and termination, CCI breached both its employment contract with Plaintiff and the implied covenant of good faith and fair dealing, and is liable on a variety of tort theories for fraudulent misrepresentation, unjust enrichment, and emotional distress.

On February 25, 2019, Plaintiff filed a formal Charge of Discrimination against Defendant CCI with the Washington State Human Rights Commission and the Equal Employment Opportunity Commission (the "EEOC Charge"). *Id.* at ¶ 19.[2] In her EEOC Charge, Plaintiff alleged discrimination based on sex and retaliation beginning on August 1, 2017 and ending with Plaintiff's termination on June 15, 2018. Ravin Decl., Exhibit A, ECF No. 52-2.[3] In describing the "Particulars" of the alleged discrimination, Plaintiff summarized the personal harm she suffered, stating:

a. During my tenure with [Defendant CCI], I was subjected to continuous faultfinding in the actions that I took by both Bryan Evans, Sales Director, and Pat Ceruli, Vice President, while my male counterparts would not be subjected to such scrutiny.
b. On or around August 2017, Dennis Nathan told me that I outperform all the males in the company, and that they do not like that.
c. Prior to Pat Ceruli's promotion on August 2017, he would constantly tell me that, "If I keep talking to Dennis I'd be fired." I was subsequently terminated on June 2018 by Pat Ceruli.
d. The bonuses promised to me via contract during 2017 and 2018 were not fully paid to me.

---

[2] Plaintiff alleges that she filed her EEOC Charge "on or about January 10, 2019"; however, the EEOC Charge itself is dated February 25, 2019.

[3] While not attached to the First Amended Complaint, the EEOC Charge is both integral to the claims made therein and an undisputedly authentic document attached to Defendants' pending motion to dismiss upon which certain of Plaintiff's claims are based, and is therefore properly considered by the Court in ruling on the instant motion. *See Miller v. Social Security Administration*, 412 F. Supp. 3d 491, 494 (D.N.J. 2019).

2

*Id.* In addition, in a section titled "III. Discrimination Statement," Plaintiff stated:

> I believe that I was discriminated against because of my sex (Female), in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I was retaliated against for following the owner's direct orders.

*Id.* On February 26, 2019, at Plaintiff's request, the EEOC issued its Notice of Right to Sue, thereby permitting Plaintiff to pursue claims against CCI directly under federal discrimination laws, including Title VII. Ravin Decl., Exhibit B.

On May 28, 2019, Plaintiff commenced this action in the United States District Court for the Western District of Washington. On August 23, 2019, in response to Defendants' first motion to dismiss, Plaintiff filed her First Amended Complaint. *See* ECF No. 24. Defendants subsequently filed a motion to dismiss the First Amended Complaint, which was granted in part by the Washington District Court and resulted in the transfer of this action to this Court on February 14, 2020. *See* ECF No. 38. Now before the Court is the Defendants' second motion to dismiss the First Amended Complaint for failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). ECF Nos. 52, 53.

## II.  DISCUSSION

Plaintiff alleges that CCI is liable for sex based discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII")(Counts 1 and 2, respectively), breach of contract (Count 5), promissory estoppel (Count 7), and breach of the implied covenant of good faith and fair dealing (Count 8). Plaintiff further alleges that each of the Defendants is liable for discrimination under the Washington State Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 *et seq.* ("WLAD") (Count 3), discrimination under the New Jersey Law Against Discrimination, N.J. Stat. Ann. §§ 10:5-1 *et seq.* ("NJLAD") (Count 4), unjust enrichment (Count 6), fraud and fraudulent misrepresentation (Count 9), intentional infliction of emotional distress (Count 10), and negligent infliction of emotional distress (Count 11). Now before the Court is the Defendants motion to dismiss each of the Counts, except for Counts 5 and 8 for breach of contract and breach of the implied covenant of good faith and fair dealing, respectively. The Court addresses each Count sought to be dismissed in turn.

### A.  Legal Standard

FRCP 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). "[A]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The court need not accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### B. Claims Against Doe Defendants

Defendants seek dismissal of all claims asserted against the Doe Defendants because Plaintiff does not attempt to link the conduct of any Doe Defendant to the specific allegations or claims in the First Amended Complaint. The Court agrees.

Pursuant to FRCP 21, the Court may order that parties to an action be dropped at any stage in a case so long as it is just. Fed. R. Civ. P. 21. "District Courts in the Third Circuit have used this Rule to exclude John Doe parties from an action where appropriate." *Adams v. City of Camden*, 461 F. Supp. 2d 263, 271 (D.N.J. 2006). The Court finds dismissal of the Doe Defendants to be appropriate. Plaintiff makes no substantive allegations with respect to any of the Doe Defendants and does not link any Doe Defendant to any of the claims or allegations set forth in the First Amended Complaint. Accordingly, the Plaintiff has failed to state any claims against any of the Doe Defendants, and each count is hereby **DISMISSED** to the extent it is asserted against any Doe Defendant.

### C. Counts 1 and 2 – Sex Discrimination and Retaliation Under Title VII

Defendants argue Plaintiffs' claims for sex discrimination based on a hostile work environment and disparate treatment, and retaliation under Title VII should be dismissed because (1) Plaintiff failed to exhaust administrative remedies with respect to such claims; (2) the claims are time-barred; (3) Plaintiff's EEOC Charge failed to comply with the notice requirements of 42 U.S.C. §§ 2000e-5(b) and (e)(1); and (4) Plaintiff failed to allege sufficient facts necessary to state a prima facie case for such claims. Mot. at 5-6. Plaintiff responds that her EEOC Charge encompasses the more specific claims and allegations made in the First Amended Complaint because such claims and allegations "can be reasonably expected to grow out of the charge of discrimination." Pl. Opp. at 4, ECF No. 54. The Court agrees with Defendants and addresses each claim in turn.

#### 1. Count 1: Sex Discrimination – Hostile Work Environment and Disparate Treatment

In order to pursue claims under Title VII in federal court, a plaintiff must first exhaust administrative remedies by timely filing an EEOC charge and receiving a notice of the right to sue. *Kirman v. United Parcel Serv., Inc.*, No. 15-2357 (FLW)(LHG), 2015 WL 7720494, at *7 (D.N.J. Nov. 30, 2015). "[T]he parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred

4

during the pendency of proceedings before the [EEOC]." *Mandel v. M&O Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976)). As such, "[i]n determining whether a claim was exhausted, courts examine whether it was 'fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.'" *Nguyen v. Wal-Mart*, No. 2:12-01824 (KM)(MCA), 2013 WL 3222498, at *4 (D.N.J. June 25, 2013) (quoting *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996)).

Plaintiff's sex discrimination claim, to the extent it is based on an alleged hostile work environment due to Plaintiff's sex, is not reasonably within the scope of Plaintiff's EEOC Charge. Nothing in the EEOC Charge indicates that Plaintiff intended to assert a hostile work environment claim, or that such claim would be reasonably expected to grow out of the EEOC's potential investigation thereof. In *Barzanty v. Verizon Pennsylvania, Inc.*, 361 F. App'x 411 (3d Cir. 2010) the court found that the plaintiff's hostile work environment claim was not within the scope of her EEOC charge alleging gender discrimination where she neither checked the box indicating her charge concerned a "continuing action" nor included any facts or language in her charge that could support a hostile work environment claim. *Id.* at 414. In addition, the Third Circuit found that the hostile work environment claim was based on a separate set of facts than the gender discrimination claim and could therefore not be reasonably expected to grow out of an EEOC investigation of the latter. *Id.*

Similarly, here, Plaintiff did not check the box for "continuing action." Nor did Plaintiff, in either her description of the particulars of the alleged discrimination or her summary discrimination statement, use the words "hostile work environment" or any other "analogous language . . . which could give rise to a hostile work environment claim." *Id.* Finally, the EEOC Charge is devoid of any facts which would suggest a hostile work environment, and the First Amended Complaint indicates that the facts supporting Plaintiff's hostile work environment claim are different than the facts underlying her retaliation claim. Accordingly, the Court finds that Plaintiff failed to exhaust administrative remedies with respect to her hostile work environment claim.

With respect to Plaintiff's disparate treatment claim, Plaintiff did indicate in her EEOC Charge that, unlike her male colleagues, she was subject to "continuous faultfinding" by her superiors. Ravin Decl., Exhibit A. It is unclear whether this allegation is related to Plaintiff's termination that also forms the basis for her retaliatory discharge claim or to some other, unidentified adverse employment action. In any event, because Plaintiff's EEOC Charge describes only a single adverse employment action – Plaintiff's termination – Plaintiff has only exhausted her administrative remedies for her disparate treatment claim to the extent it relates to her termination from CCI. *See Houle v. Walmart, Inc.*, 447 F. Supp. 3d 261, 282 (M.D. Penn. 2020) (dismissing disparate treatment claim based on failure to promote for failure to exhaust administrative remedies, but denying dismissal of disparate treatment claim based on unequal pay). In her First Amended Complaint, however, Plaintiff did not allege that her termination was the product of any disparate treatment. Instead, the only employment action alleged in

5

First Amended Complaint with respect to Plaintiff's disparate treatment claim is that Plaintiff was passed over for promotions in favor of less qualified male colleagues. FAC ¶¶ 71, 76-78. Plaintiff's failure to promote claim was not included in or reasonably encompassed by the EEOC Charge and must therefore be dismissed.

Plaintiff's Title VII discrimination claim is therefore **DISMISSED** with prejudice.

### 2. Count 2 – Retaliation

Plaintiff's retaliation claim fares no better. The EEOC Charge indicates that Plaintiff claims she was fired for "talking to [Nathan]"; however, the First Amended Complaint alleges that Plaintiff was terminated in retaliation for several formal and informal complaints made to CCI's human resources department concerning discrimination and harassment. *Compare* Ravin Decl., Ex. A *with* FAC ¶¶ 83-84. Although both sets of allegations relate to the same allegedly retaliatory act – Plaintiff's discharge – the underlying facts leading up to Plaintiff's discharge as alleged in the First Amended Complaint are vastly different than those alleged in the EEOC Charge, such that the former could not be reasonably encompassed by, or expected to grow out of an investigation of, the latter. *Compare Kopko v. Lehigh Valley Health Network*, 776 F. App'x 768, 773-74 (3d Cir. 2019) (affirming dismissal of retaliation claim for failure to exhaust administrative remedies where basis of retaliation claim in EEOC charge was different than basis of retaliation pled in district court complaint) *with Mohamed v. Atl. Cnty. Special Servs. Sch. Dist.*, No. 17-03911 (RBK/KMW), 2019 WL 1418123, at *6 (D.N.J. Mar. 29. 2019) (finding additional retaliation claims in complaint were "reasonably expected to grow out of" EEOC charge alleging retaliatory discharge where each of the alleged retaliatory acts resulted from the same letter written by the plaintiff). Thus, the Court will only consider Plaintiff's retaliation claim to the extent it is based on facts and allegations concerning her interactions with Nathan and Cerulli, and her belief that she was terminated for speaking with Nathan and following his instructions.

In order to establish a prima facie case of retaliation under Title VII, Plaintiff must show: "(1) she engaged in a protected activity under Title VII; (2) the employer took an adverse action against her; and (3) there was a causal connection between the employee's participation in the protected activity and the adverse employment action." *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 320 (3d Cir.2008). To survive a motion to dismiss, Plaintiff must plead factual allegations sufficient to "raise a reasonable expectation that discovery will reveal evidence" of the elements of a prima facie case of retaliation. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

Here, Plaintiff has failed to plead facts sufficient to establish either the first or third elements of a prima facie case of retaliation. With respect to the first element, Title VII only protects employees who have been retaliated against for either opposing an unlawful employment practice under Title VII or for participating in a proceeding related thereto. *O'Malley v. Farleigh Dickinson Univ.*, No. 10-6193 (KSH)(CLW), 2014 WL 67280, at *15 (D.N.J. Jan. 7, 2014). Here, the only alleged ground for retaliation reasonably encompassed by the EEOC Charge is that Plaintiff continued to follow

6

instructions from Nathan, while ignoring conflicting instructions from Cerulli, ultimately leading to her termination by Cerulli. FAC ¶¶ 27-44. Plaintiff, however, has failed to allege that she either formally or informally opposed or complained of this treatment because she felt that it discriminated against her on account of her sex. While these conflicting instructions may have created an unfair situation for Plaintiff, Title VII does not turn every instance or complaint of unfair treatment into an actionable unlawful employment practice. *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995). As such, Plaintiff has failed to allege that she was engaged in a protected employment activity, and that she was terminated as a result thereof.

Accordingly, Plaintiff's Title VII retaliation claim is **DISMISSED** with prejudice.

### D. Count 3 – Discrimination Under WLAD

Defendants argue Plaintiff's discrimination claim under WLAD for hostile work environment and retaliation must be dismissed because the claim is time-barred, and Plaintiff has failed to establish the necessary elements of a claim under WLAD. Mot. at 24-27. The Court disagrees, in part. Plaintiff has sufficiently pled a timely hostile work environment claim under WLAD. However, Plaintiff has failed to plead the necessary elements of a retaliation claim under WLAD, and such claim must be dismissed.

#### 1. Statute of Limitations

It is clear that Plaintiff's claim under WLAD is not barred by the applicable three-year statute of limitations. This action was commenced on May 28, 2019. With respect to Plaintiff's retaliation claim, Plaintiff was not terminated from her employment with CCI until June 15, 2018, well within the three-year statute of limitations period. With respect to Plaintiff's hostile work environment claim, Plaintiff has alleged a series of acts, at least one of which occurred within the three-year statute of limitations period, that, taken together, created a hostile work environment and constituted a single unlawful employment practice. *See Arthur v. Whitman Cnty.*, 24 F. Supp. 3d 1024, 1030 (E.D. Wash. 2014).

#### 2. Sufficiency of Allegations

Unlike Title VII, WLAD does not require a plaintiff to exhaust their administrative remedies with respect to a discrimination claim against her employer. *See* Wash. Rev. Code § 49.60.030(2); *Arthur*, 24 F. Supp. 3d at 1030. Accordingly, in determining whether Plaintiff has stated a plausible claim for relief under WLAD, the Court is not limited to the specific claims made in the EEOC Charge and will consider all of the allegations in the First Amended Complaint.

With respect to Plaintiff's retaliation claim under WLAD, Plaintiff has failed to state a plausible claim for relief. As with retaliation claims under Title VII, to state a claim for retaliation under WLAD, Plaintiff must show that (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action. *Trizuto v. Bellevue Police Dep't*, 983 F. Supp. 2d 1277, 1289 (W.D. Wash. 2013). Here, Plaintiff

7

has not shown she was engaged in a protected employment activity. Although Plaintiff alleged she complained and threatened to complain to CCI's human resources department, she has not alleged that any formal or informal complaint she made specifically raised any form of unlawful discrimination. *Doty v. PPG Indus., Inc.*, No. C14-5704BHS, 2016 WL 5253205, at *6 (W.D. Wash. Sept. 22, 2016). Accordingly, Plaintiff's WLAD retaliation claim is **DISMISSED**, without prejudice.

Plaintiff has, however, pled sufficient facts which, taken as true, could support a plausible claim for a hostile work environment under WLAD. To state a hostile work environment claim under WLAD, Plaintiff must show "(1) unwelcome harassment; (2) that is attributable to [Plaintiff's] membership in a protected class; (3) which affected the terms and conditions of [Plaintiff's] employment; and (4) which can be imputed to [Plaintiff's] employer." *Hotchkiss v. CSK Auto, Inc.*, 918 F. Supp. 2d 1108, 1118 (E.D. Wash. 2013). Here, Plaintiff has alleged a variety of unwelcome harassment based on her sex, including unwanted sexual advances from the president and CEO of CCI, a pattern or practice of subjecting Plaintiff to higher performance standards than her male colleagues, sexist comments, and discrepancies in her pay and title compared to male colleagues. FAC, ¶¶ 27, 40, 42, 50-52, 55-68. It is also clear that, taken together, these allegations could have affected the terms or conditions of Plaintiff's employment with CCI. Accordingly, Defendant's motion to dismiss is **DENIED** with respect to Plaintiff's WLAD hostile work environment claim.

### E. Count 4 – Discrimination Under the NLAD

Defendants seek to dismiss Plaintiff's claims under NJLAD for substantially similar reasons as Plaintiff's claims under WLAD. Mot. at 24-28. Although not addressed by either party, the Court finds that Plaintiff cannot assert claims under NJLAD and her NJLAD claim must therefore be dismissed. Both state and federal courts in New Jersey "have consistently applied the law of the state of employment to workplace claims, and have therefore only applied the NJLAD if the plaintiff worked in New Jersey." *Satz v. Taipina*, No. 01-5921 (JBS), 2003 WL 22207205, at *16 (D.N.J. Apr. 15, 2003). Here, notwithstanding that each of the Defendants is a resident of New Jersey, and decisions made with respect to Plaintiff's treatment and employment may have been made in New Jersey, Plaintiff herself has never worked in New Jersey. Rather, Plaintiff performed her duties almost exclusively in Washington state. Indeed, her employment contract specifically contemplated that she would work primarily out of "a home office located in the [Northwest] Region," which included Alaska, Washington, Oregon, and Northern California. FAC, ¶¶ 6, 24. Accordingly, Plaintiff's NJLAD claims must be **DISMISSED**.

### F. Counts 6 and 7 – Unjust Enrichment and Promissory Estoppel

Defendants argue that Plaintiff's claims for unjust enrichment and promissory estoppel against CCI must be dismissed because there is an express contract governing the employment relationship between Plaintiff and Defendants. Defendants further argue that Plaintiff's unjust enrichment claims against Defendants Nathan and Cerulli must be dismissed Plaintiff has failed to establish the necessary elements of an unjust enrichment

claim. Plaintiff responds by simply stating that she has sufficiently pled the existence of facts to support a plausible claims of unjust enrichment and promissory estoppel. Pl. Opp. at 6-7. The Court agrees with Defendants.

Under New Jersey law, quasi-contract theories of liability, such as unjust enrichment and promissory estoppel, cannot be maintained where there is a valid, express contract between the parties concerning the identical subject matter. *Heyman v. Citimortgage, Inc.*, No. 14-1680-KM-MAH, 2019 WL 2642655, at *28 (D.N.J. June 27. 2019). Here, Plaintiff has pled the existence of an express employment agreement governing the relationship between her and CCI that forms the subject matter of her claims. Specifically, Plaintiff alleged that there is an express, written contract, as well as a subsequent oral agreement, governing the terms of Plaintiff's compensation, including her salary, commissions, and bonuses. FAC ¶¶ 5, 24-26, 102-03. Defendants have not disputed, and indeed relied on, the existence of these agreements. Mot. at 31-32. The Court therefore finds Plaintiff's unjust enrichment and promissory estoppel claims against Defendant CCI are precluded by the existence of an express employment agreement. Accordingly, the unjust enrichment and promissory estoppel claims against CCI must be dismissed.[4]

The Court also finds that Plaintiff has failed to state a plausible claim of unjust enrichment against Defendants Nathan and Cerulli. To state a claim for unjust enrichment, Plaintiff must show "both that [Defendants] received a benefit and that retention of that benefit without payment would be unjust." *Zsoldos v. Twp. of Manchester*, No. 3:16-cv-2711-BRM-TJB, 2017 WL 77412, at *2 (D.N.J. Jan. 9, 2017) (quoting *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994). In other words, Plaintiff must show that she "expected remuneration from the [Defendants], or if the true facts were known to [P]laintiff, [s]he would have expected remuneration from [Defendants], at the time the benefit was conferred." *Stewart v. Beam Glob. Spirits & Wine, Inc.*, 877 F. Supp. 2d 192, 196 (D.N.J. 2012).

Here, although Plaintiff may have expected remuneration from Defendant CCI pursuant to the terms of her contract, there is no indication, and Plaintiff has not alleged, that she ever expected any remuneration from Nathan and Cerulli individually. Nor has Plaintiff shown that she conferred any sort of direct benefit upon Nathan and Cerulli

---

[4] To the extent Plaintiff has alleged that CCI is liable on a promissory estoppel theory for broken promises made relating to career advancement opportunities within the company, she has failed to state a plausible promissory estoppel claim. Plaintiff has failed to show that she reasonably relied on any promises made by CCI or its employees and suffered a substantial detriment as a result thereof. The development and leveraging of her business relationships on behalf of CCI was an integral part of her job as a sales manager, which she agreed to perform before any promises were allegedly made regarding advancement opportunities within the company. Moreover, Plaintiff has not alleged any lost opportunities or negative change in position as a result of her reliance on any such promises. *See Grant v. Coca-Cola Bottling Co. of N.Y., Inc.*, 780 F. Supp. 246, 250 (D.N.J. 1991).

9

personally. Instead, Plaintiff merely alleges that each of the Defendants was unjustly enriched "in an amount equal to the value of the commissions and sales related to Plaintiff's customer relations and the amounts that they have underpaid Plaintiff by not paying or promoting her." FAC ¶ 114. These allegations are insufficient to establish the personal liability of Nathan and Cerulli on an unjust enrichment theory.

Accordingly, Plaintiff's unjust enrichment and promissory estoppel claims against each of the Defendants are **DISMISSED**, with prejudice.

### G. Count 9 – Fraud and Fraudulent Misrepresentation

Plaintiff alleges that Defendants made fraudulent misrepresentations to Plaintiff regarding her advancement within CCI and her compensation. FAC ¶ 135. Defendants seek to dismiss this claim because (1) Plaintiff has not satisfied the particularity requirements to sufficiently plead fraud under FRCP 9(b); and (2) Plaintiff has not sufficiently pled facts to support a plausible fraud claim. Mot. at 33-35. The Court agrees.

Assuming, without deciding, that Plaintiff has satisfied the heightened pleading requirements to state a claim based on fraud under FRCP 9(b), Plaintiff has nonetheless failed to state a plausible claim for fraud or fraudulent misrepresentation. Under both Washington and New Jersey law, Plaintiff was required to show that the Defendants knowingly made a false representation of an existing fact, and that Plaintiff reasonably relied on that misrepresentation to her detriment.[5] *See Konover Constr. Corp. v. East Coast Contr. Servs. Corp.*, 420 F. Supp. 2d 366, 370 (D.N.J. 2006); *Schoendorf v. Baker*, No. CV-8158643, 2005 WL 8158643, at *2 (E.D. Wash. Feb. 17, 2005).

Here, however, Plaintiff has not alleged that any of the Defendants' various statements or promises relating to her compensation or potential advancement with CCI contained intentional misstatements about then-existing facts. Rather, Plaintiff has, at most, alleged that Defendants failed to fulfill their promises to Plaintiff. Moreover, Plaintiff has failed to allege that she reasonably relied on any of the Defendants statements or promises to her detriment. Plaintiff's allegation that she "continue[d] to exert her best efforts and generate sales for CCI, and share her contacts and network with Defendants," FAC ¶ 137, is insufficient to state a fraud claim. Plaintiff continued to perform her usual duties, with the same position title and compensation after the allegedly false statements were made to her. As such, Plaintiff is unable to establish any reasonable reliance or damages with respect to Defendants allegedly false statements. Thus, Plaintiff's fraudulent misrepresentation claim is **DISMISSED**, without prejudice.

---

[5] Neither party has briefed the question of whether Washington or New Jersey law should apply to Plaintiff's fraud claim. The Court need not conduct an extensive choice of law analysis, however, because the Court finds that both Washington and New Jersey law are substantially similar with respect to the elements at issue in this case.

10

### H. Counts 10 and 11 – Intentional Infliction of Emotion Distress and Negligent Infliction of Emotional Distress

Defendant moves to dismiss Plaintiff's claims of intentional and negligent infliction of emotional distress because, among other things, the claims are duplicative of Plaintiff's statutory discrimination claims. Mot. at 35-40. The Court agrees.

Because WLAD[6] permits recovery of emotional distress damages on a discrimination claim against an employer, an employee can only maintain a separate claim for emotional distress "if the factual basis for the claim is distinct from the factual basis for the discrimination claim." *Wood v. Gonzaga Univ.*, No. CV-05-0055-FVS, 2006 WL 1375197, at *7 (E.D. Wash. 2006). Where, however, the factual bases for a plaintiff's WLAD discrimination claim and her common law emotional distress claims are the same, state and federal courts in Washington have routinely dismissed such common law emotional distress claims as duplicative. *See, e.g.*, *Caldwell v. Boeing Co.*, No. C17-1741JLR, 2018 WL 2113980, at *10 (W.D. Wash. May 8, 2018). Here, Plaintiff's intentional infliction of emotional distress and negligent infliction of emotional distress claims are based on the same set of operative facts as her WLAD claims. Accordingly, each of these claims is duplicative of Plaintiff's WLAD claim and is therefore **DISMISSED**, with prejudice.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss, ECF Nos. 52-53, is **GRANTED IN PART** and **DENIED IN PART**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

Date: October 22, 2020

---

[6] The Court has already found that Plaintiff cannot assert claims under NJLAD. Accordingly, the Court's analysis of Plaintiff's intentional and negligent infliction of emotional distress claims is limited to their relationship to WLAD.